IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY SARVIS,       *

    Plaintiff,       *

v.       *     Civil Action No. _____

METABOLIFE INTERNATIONAL, INC., *
et al.,
      *

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Defendant, The Chemins Company, Inc. ("Chemins"), by its attorneys, Kristine A. Crosswhite, Susan E. Smith, and Crosswhite, Limbrick, & Sinclair, LLP, hereby files this Answer and Jury Demand in response to the plaintiff's Complaint, and states:

### IN RESPONSE TO "I. PARTIES"

1. Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the plaintiff's Complaint, which are therefore denied.

2. Chemins admits that it was one of the manufacturers of "Metabolife 356," which it manufactured for Defendant Metabolife International, Inc. ("Metabolife"). Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the plaintiff's Complaint, which are therefore denied.

3. Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the plaintiff's Complaint, which are therefore denied.

4. Chemins admits that Metabolife International, Inc. is a California corporation with a principal place of business at 5643 Copley Drive, San Diego, California.

5. Chemins admits the allegations contained in Paragraph 5 of the plaintiff's Complaint.

6. Chemins admits that Alpine Health Products LLC is a Utah business entity whose principal place of business at 1525 W. Business Park Drive, Orem, Utah.

7. Chemins admits that it was one of the manufacturers of "Metabolife 356," which it manufactured for Defendant Metabolife. The allegations, as applied to the other defendants, are not directed to Chemins, and therefore no response by Chemins is required.

8. Chemins admits that Rite Aid Corporation is a Pennsylvania corporation with a principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania.

9. The allegations set forth in Paragraph 9 of the plaintiff's Complaint are not directed to Chemins, and therefore no response by Chemins is required.

10. The allegations set forth in Paragraph 10 of the plaintiff's Complaint are not directed to Chemins, and therefore no response by Chemins is required.

**IN RESPONSE TO "II. PARTIES"**

11. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. To the extent that a response is required, Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the plaintiff's Complaint, which are therefore denied.

12. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. To the extent that a response is required, Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the plaintiff's Complaint, which are therefore denied.

13. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. To the extent that a response is required, Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the plaintiff's Complaint, which are therefore denied.

14. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. To the extent that a response is required, Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the plaintiff's Complaint, which are therefore denied.

15. Paragraph 15 of the plaintiff's Complaint states a legal conclusion to which no response is required from Chemins.

16. Chemins denies that it participated in the marketing and promotion of the Metabolife product allegedly at issue, as alleged in Paragraph 16 of the plaintiff's Complaint, and it denies the remaining allegations set forth in Paragraph 16. The allegations, as applied to

the other defendants, are not directed to Chemins, and therefore no response by Chemins is required.

17. Chemins denies that it participated in the promotion of the Metabolife product allegedly at issue, as alleged in Paragraph 17 of the plaintiff's Complaint. The allegations, as applied to the other defendants, are not directed to Chemins, and therefore no response by Chemins is required.

18. The allegations set forth in Paragraph 18 of the plaintiff's Complaint are not directed to Chemins, and therefore no response by Chemins is required.

19. Actions, if any, taken by the Justice Department as asserted in this paragraph are a matter of public record, and therefore, no response is required.

20. Actions, if any, taken by the State of Illinois as asserted in this paragraph are a matter of public record, and therefore, no response is required.

21. Actions, if any, taken by the State California and the State of New York as asserted in this paragraph are a matter of public record, and therefore, no response is required.

22. Actions, if any, taken by the FDA as asserted in this paragraph are a matter of public record, and therefore, no response is required.

23. The allegations set forth in Paragraph 23 of the plaintiff's Complaint are not directed to Chemins, and therefore no response by Chemins is required.

24. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the plaintiff's Complaint, which are therefore denied.

25. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the plaintiff's Complaint, which are therefore denied.

26. Chemins admits that the properties and effects of ephedrine and ephedra-containing dietary supplements, including Metabolife 356, are matters of public record that speak for themselves and as to which no response is required. Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the plaintiff's Complaint, which are therefore denied.

27. Chemins denies the allegations contained in Paragraph 27 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

28. Chemins denies the allegations contained in Paragraph 28 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

29. Chemins denies that it participated in the design of the warning label for the Metabolife product allegedly at issue, as alleged in Paragraph 29 of the plaintiff's Complaint. The allegations, as applied to the other defendants, are not directed to Chemins, and therefore no response by Chemins is required.

30. Chemins denies that it participated in the design of the warning label for the Metabolife product allegedly at issue, as alleged in Paragraph 30 of the plaintiff's Complaint.

Additionally, Paragraph 30 of the plaintiff's Complaint states a legal conclusion to which no response is required from Chemins.

### IN RESPONSE TO "III. CLAIMS FOR RELIEF: COUNT I: STRICT LIABILITY PURSUANT TO §402A OF THE RESTATEMENT OF TORTS (SECOND)"

31.   Chemins adopts and realleges its answers and responses to all preceding paragraphs set forth in the plaintiff's Complaint as if fully restated and set forth herein, and further alleges:

32.   Paragraph 32 of the plaintiff's Complaint states a legal conclusion to which no response is required from Chemins.

32(a).   Chemins admits that it was one of the manufacturers of "Metabolife 356," which it manufactured for Defendant Metabolife. Chemins denies the remaining allegations contained in Paragraph 32 of the plaintiff's Complaint.

32(b).   Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32(b) of the plaintiff's Complaint, which are therefore denied.

32(c).   Chemins is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32(c) of the plaintiff's Complaint, which are therefore denied. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

32(d).   Chemins denies the allegations contained in Paragraph 32(d) of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to Metabolife other defendants.

32(e).   Chemins denies the allegations contained in Paragraph 32(e) of the plaintiff's Complaint.

32(f).   Chemins denies the allegations contained in Paragraph 32(f) of the plaintiff's Complaint.

32(g).   Chemins denies the allegations contained in Paragraph 32(g) of the plaintiff's Complaint.  Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

32(h).   Chemins denies the allegations contained in Paragraph 32(h) of the plaintiff's Complaint.  Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

33.   Chemins denies the allegations contained in Paragraph 33 of the plaintiff's Complaint.  Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

**IN RESPONSE TO "III. CLAIMS FOR RELIEF: COUNT II: NEGLIGENCE"**

34.   Chemins adopts and realleges its answers and responses to all preceding paragraphs set forth in the plaintiff's Complaint as if fully restated and set forth herein, and further alleges:

35.   Chemins admits that it has certain duties under the law and that it appropriately discharged all such duties.  Chemins denies the remaining allegations contained in Paragraph 35 of the plaintiff's Complaint.  Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

36.   Chemins denies the allegations contained in Paragraphs 36 and 36(a) through 36(h) of the plaintiff's Complaint.  Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

37. Chemins denies the allegations contained in Paragraph 37 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

### IN RESPONSE TO "III. CLAIMS FOR RELIEF: COUNT III: BREACH OF EXPRESS WARRANTY"

38. Chemins adopts and realleges its answers and responses to all preceding paragraphs set forth in the plaintiff's Complaint as if fully restated and set forth herein, and further alleges:

39. Chemins neither admits nor denies the allegations contained in Paragraph 39 of the plaintiff's Complaint, as they are mere conclusions of law to which no response is required. To the extent that a response is required, Chemins denies the allegations contained in Paragraph 39 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

40. Chemins is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the plaintiff's Complaint, which are therefore denied.

41. Chemins denies the allegations contained in Paragraph 41 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

42. Chemins neither admits nor denies the allegations contained in Paragraph 42 of the plaintiff's Complaint, as they are mere conclusions of law to which no response is required. To the extent that a response is required, Chemins denies the allegations contained in Paragraph 42 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

43. Chemins denies the allegations contained in Paragraph 43 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

**IN RESPONSE TO "III. CLAIMS FOR RELIEF: COUNT IV: BREACH OF IMPLIED WARRANTY"**

44. Chemins adopts and realleges its answers and responses to all preceding paragraphs set forth in the plaintiff's Complaint as if fully restated and set forth herein, and further alleges:

45. Chemins neither admits nor denies the allegations contained in Paragraph 45 of the plaintiff's Complaint, as they are mere conclusions of law to which no response is required. To the extent that a response is required, Chemins denies the allegations contained in Paragraph 45 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

46. Chemins is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the plaintiff's Complaint, which are therefore denied.

47. Chemins denies the allegations contained in Paragraph 47 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

48. Chemins neither admits nor denies the allegations contained in Paragraph 48 of the plaintiff's Complaint, as they are mere conclusions of law to which no response is required. To the extent that a response is required, Chemins denies the allegations contained in Paragraph 48 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

49.     Chemins denies the allegations contained in Paragraph 49 of the plaintiff's Complaint. Chemins makes no response to the allegations of this paragraph which are directed to the other defendants.

## GENERAL DENIAL

Chemins hereby denies all allegations of the plaintiff's Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

1.     The allegations in the plaintiff's Complaint fail to state a claim upon which relief may be granted.

2.     The plaintiff has failed to join all necessary and proper parties.

3.     The plaintiff's claims are barred by the doctrine of contributory negligence.

4.     The plaintiff's claim is barred by the doctrines of assumption of risk, informed consent and/or failure to mitigate damages.

5.     The plaintiff's claim is barred by the applicable statute of limitations.

6.     Any injuries and damages allegedly sustained by the plaintiff were caused by some other person, party, or entity without any negligence or want of due care on the part of Chemins.

7.     Any injury sustained by the plaintiff is the result of an unforeseeable series of events over which Chemins had no control, and as such, constitute an act of God for which Chemins cannot be held liable.

8.     The plaintiff's alleged injuries and/or damages were the result of superseding and/or intervening causes or were caused or contributed to by the negligence and/or fault of

others over whom Chemins had no control, thereby barring the plaintiff's alleged right to recover against Chemins.

9. Based upon the state of scientific, medical and technological knowledge at the time it was allegedly ingested by the plaintiff, Metabolife's dietary supplements were reasonably safe for their normal and foreseeable use at all relevant times, or in light of existing and reasonably available medical, scientific and technological knowledge, their benefits outweighed or exceeded any risk associated with their use.

10. Metabolife's dietary supplements were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to design and/or performance and, therefore, are deemed not defective.

11. The plaintiff's causes of action are barred in whole or in part by lack of a defect. Metabolife's dietary supplements are not defective products in that the design, manufacture, packaging and labeling are in conformity with the generally recognized state of the art in the industry and were prepared with the applicable standard of care.

12. Chemins did not make any warranties to the plaintiff nor did Chemins breach any express or implied warranties. To the extent that the plaintiff relies on any theory of breach of warranty, such claims are barred for lack of privity with Chemins and/or for failure to give timely notice to Chemins of any alleged breach of warranty.

13. The plaintiff's alleged injuries and damages were caused by factors and/or conditions unrelated to the plaintiff's alleged use of Metabolife's dietary supplements, including, but not limited to, the plaintiff's pre-existing medical history and/or medical conditions, or by the plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to Metabolife's dietary supplements or other products which he used at the same time.

14. Chemins asserts that adequate warnings, instructions and directions were provided to consumers of the product, including the plaintiff.

15. The plaintiff's allegations are barred by the doctrine of preemption.

16. The plaintiff's claim against Chemins is barred, in whole or in part, because there is no privity of contract between the plaintiff and Chemins.

17. Chemins asserts that the plaintiff did not reasonably rely on any act, omission or representation of Chemins.

18. Chemins asserts that the product allegedly at issue was altered, changed and/or substantially changed after it left Chemins' possession or control.

19. The plaintiff's injuries and/or damages, if any, were proximately caused by the unintended, unauthorized or unreasonable use of the product by carelessness or negligence by the plaintiff and/or that the plaintiff's use of the product was contrary to instructions, directions and warnings as indicated by the product label.

20. The plaintiff's alleged injuries were proximately caused and contributed to by the plaintiff's failure to use the product in a reasonably foreseeable manner.

21. The plaintiff's claims are barred or precluded, in whole or in part, by virtue of the doctrine of spoliation.

22. The plaintiff's claims, in whole or in part, are barred because the plaintiff lacks standing.

23. Chemins reserves the right to add additional defenses as discovery progresses and/or to avoid injustice.

24. The plaintiff's claim for relief exceeds the applicable statutory cap on recoverable damages.

WHEREFORE, having fully answered the Complaint filed against it, The Chemins Company, Inc. respectfully requests that the Complaint be dismissed with prejudice and that it recover against the plaintiff its costs herein expended and be granted any and all other remedies to which it may be entitled.

Respectfully submitted,

_____/s/_____
Kristine A. Crosswhite (Federal Bar No.: 07771)
Susan E. Smith (Federal Bar No.:26253)
Crosswhite, Limbrick & Sinclair, LLP
Lake Falls Professional Building
6115 Falls Road, Suite LL-B
Baltimore, Maryland 21209
(410) 377-9311 (phone)
(410) 377-9312 (fax)

Attorneys for Defendant,
The Chemins Company, Inc.

## **JURY DEMAND**

Pursuant to the provisions of the Federal Rules of Civil Procedure, The Chemins Company, Inc. respectfully requests a trial by jury.

Respectfully submitted,

_____/s/_____
Kristine A. Crosswhite (Federal Bar No.: 07771)
Susan E. Smith (Federal Bar No.:26253)
Crosswhite, Limbrick & Sinclair, LLP
Lake Falls Professional Building
6115 Falls Road, Suite LL-B
Baltimore, Maryland 21209
(410) 377-9311 (phone)
(410) 377-9312 (fax)

Attorneys for Defendant,
The Chemins Company, Inc.